JOSEPH DE LEONARD, PLAINTIFF-APPELLANT, v. CAROLINE KAPANAS, DEFENDANT-RESPONDENT.

Submitted January 6, 1925—Decided April 13, 1925.

**Sale of Real Estate—Agent's Commissions—Sale Not Consummated—Receipt Given for Money Paid and Agreement to Secure Mortgage, &c.—Agreement Loosely Drawn and Clearly Only Intended to Bridge Matters Over Until Contract Could be Effected—Judgment for Defendant Sustained.**

On appeal from the East Orange District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Harry Green.*

For the respondent, *Hugo Woerner.*

PER CURIAM.

This is an appeal from the judgment of the East Orange District Court in favor of the defendant. The plaintiff, a real estate broker, brought an action to recover the sum of $200 as commission for the sale of the defendant's house in Newark. He produced a would-be purchaser who took from the owner a receipt for $50 as deposit on a purchase price of $12,200 on the property in question, the terms to be cash at signing, $450; deposit, $50; cash at passing title, $9,700; first mortgage, building and loan, to be procured by the purchaser; second mortgage, $2,000, three years, to be taken by

the owner. In this receipt there was a provision that a commission of $200 should be paid for negotiating the sale.

It was contended by the defendant in the court below that the terms of the receipt implied that the amount of the first mortgage was yet to be agreed upon between the parties, and until such agreement was effected the agreement of sale was not complete. The trial judge took this view of the case, and, we think, rightly. The paper itself is but a loosely-drawn receipt setting forth in meagre form the terms of sale. It is not to be supposed that the vendor was binding himself to an unlimited mortgage which should precede his own second mortgage of $2,000. It is conceivable that a mortgagor, either on his personal credit or by including other real estate, might obtain a mortgage much in excess of the total value of the property involved. It is hardly to be supposed that the parties intended to subject the vendor to such a possible condition without his consent.

The meagreness of the paper itself and its designation as a temporary receipt, together with the indefinite amount of the first mortgage, all indicate that this was intended only to bridge the matter over until the parties could effect a complete and formal agreement. Such agreement was never made, the parties being unable to agree upon the amount of the first mortgage.

Our conclusion is that the trial judge was right on the evidence produced in his finding for the defendant. The judgment will be affirmed.